## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

Yori Fernando Martinez,

              Plaintiff,

     v.

Alan Wilson, *et al.*,

            Defendants.

Case No. 8:25-13766-RMG


**ORDER AND OPINION**


This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 9) recommending that this action be dismissed without leave to amend and without service of process. For the reasons stated below, the Court adopts the R&R as the order of the court and dismisses this action without leave to amend or service of process.

## I.    Background

Plaintiff is pretrial detainee proceeding *pro se*. As the R&R details, Plaintiff sues Alan Wilson, South Carolina Attorney General, Hobart Lewis, Greenville County Sheriff, and Sheldon T. Peden, Magistrate Judge. Plaintiff brings claims under 18 U.S.C. § 1962, 18 U.S.C. § 241, and 42 U.S.C. § 1985, in addition to various South Carolina rules and statutory provisions. (Dkt. No. 9 at 1). For relief, Plaintiff seeks an investigation by the Department of Justice into the RICO violations occurring within the 12th Judicial District, declaratory relief declaring the "Magistrates Hybrid Law Enforcement Division unconstitutional," and for United States citizenship. (*Id.* at 1-2).

The Magistrate Judge filed an R&R recommending that this action be dismissed for failure to state a claim. (Dkt. No. 9). Plaintiff filed objections to the R&R. (Dkt. No. 11).

## II.    Legal Standards

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### B.  Pro Se Pleadings

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## III.    Discussion

After a de novo review of the record, the Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that this action must be dismissed for various reasons, only some of which the Court here repeats.

As noted in the R&R, Plaintiff is a pretrial detainee with various criminal charges pending against him in state court. (Dkt. No. 9 at 2) (including first degree domestic violence, kidnapping, and domestic violence of a high and aggravated nature). At bottom, this action must be dismissed

2

because Plaintiff seeks to "challenge underlying warrants resulting in his charges and present incarceration" and ruling for Plaintiff on his claims would run afoul of the *Younger* abstention doctrine. (*Id.* at 15-17) (noting a ruling in Plaintiff's favor "would call into question the validity of the state court criminal proceedings against him and would significantly interfere with those ongoing state proceedings"). For this reason alone, the complaint must be dismissed.

Additionally, as noted in the R&R, a plethora of other reasons mandate dismissal, such as the fact Wilson and Lewis are both entitled to dismissal because there are "no substantive allegations against them" in the complaint, supervisory liability against either defendant is not adequately alleged, and Wilson is entitled to both Eleventh Amendment immunity for claims against him in his official capacity and entitled to prosecutorial immunity with regard to Plaintiff's criminal cases. *See, e.g.*, (*id.* at 5-7); (*Id.* at 9-10) (Magistrate Judge Peden is entitled to dismissal based on judicial immunity).

Plaintiff filed objections which the Court reviewed. (Dkt. No. 11). Plaintiff's objections are unavailing. For example, Plaintiff does not challenge the *Younger* doctrine's application or the other above noted reasons mandating dismissal. Instead, Plaintiff merely repeats his generally conclusory allegations against Defendants. *See, e.g.*, (*id.* at 11) (alleging "I was never taken to a Summary Courthouse to be arraigned" and that "fabricated evidence" was used to obtain warrants against Plaintiff). Accordingly, the Court overrules Plaintiff's objections.

### Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 9) as the Order of the Court and **DISMISSES** this action without leave to amend and without service of process.

**AND IT IS SO ORDERED.**

3

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 30, 2025
Charleston, South Carolina